**Roy M. TERRY, Jr., et al. (Receiver), Plaintiffs,**

**v.**

**Virginia JUNE (Guardian), Defendant.**

**No. CIV.A. 3:03CV00052.**

United States District Court, W.D. Virginia. Charlottesville Division.

April 5, 2005.

Douglas Alan Scott, John C. Smith, Durrette Bradshaw, Richmond, VA, for Plaintiffs.

Edward Bennett Lowry, Michie Hamlett Lowry Rasmussen & Tweel PC, Peter Booth Vaden, Attorney at Law, Charlottesville, VA, for Defendant.

## MEMORANDUM OPINION AND ORDER

MICHAEL, Senior District Judge.

Before the court are the defendant's Motion for Amendment of Order and Certification for Interlocutory Appeal, filed on March 4, 2005; the Receiver's objection thereto; and the defendant's reply. In her motion, the defendant asks the court to modify its Memorandum Opinion and Order of February 23, 2005, to certify an interlocutory appeal to the United States Court of Appeals. The defendant seeks to appeal this court's decision to apply federal common law—in the form of the Uniform Fraudulent Transfer Act—to the Receiver's fraudulent conveyance claim against the defendant.

 A district court shall certify an order for interlocutory appeal if the court concludes that: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opin-

ion; and (3) immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The decision whether to certify a non-final order for interlocutory appeal lies within the discretion of the district court. *Swint v. Chambers County Comm'n,* 514 U.S. 35, 47, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995). Interlocutory appeals are an exception to the general rule that federal appeals courts only have jurisdiction over appeals from final decisions. 28 U.S.C. § 1291. An interlocutory appeal must be based on exceptional circumstances that justify a departure from the basic policy limiting appellate review to final judgments. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Kidwell v. Sheetz, Inc.,* 996 F.Supp. 552, 555 (W.D.Va.1998) (Michael, J.). Such circumstances are not present in this case.

 The first requirement in the interlocutory appeal statute is that the order involve a "controlling question." For the purposes of this statute, a question is controlling if it is dispositive of the case *or* if a reversal would save time and expense. *See* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3930, at 426 (West 1996). Here, the choice-of-law issue is obviously not dispositive. The question of whether an interlocutory appeal would save time and expense overlaps with the third element from section 1292(b), which asks whether an appeal would advance the ultimate termination of the litigation. *See id.* at 427. In this case, one can only speculate that an interlocutory appeal would be the more efficient course. On the contrary, such an appeal could well delay a final decision. There have already been significant delays in this case, which was filed almost two years ago. The defendant argues that the Receiver has filed multiple related cases in this court, making it even more important that

the choice-of-law issue be decided on an interlocutory basis. It is quite unlikely, however, that an appellate decision on this issue will be necessary in all these cases. Indeed, several related cases brought by the Receiver have already been resolved without a determination of the choice-of-law question, let alone an appeal. It is simply unknown whether this case, or any of the related cases, will ever be appealed to the Court of Appeals. There are any number of reasons why the defendant here—and the defendants in the other cases—would not appeal the court's choice of law following a final order, including settlement of the claims, a victory by the defendant, or a determination that a reversal on the choice of law would not change the outcome. In short, the court finds that certification for interlocutory appeal would be more likely to delay resolution of this case than to advance it.

■ As for the second requirement for interlocutory appeal, the court finds that there is substantial ground for difference of opinion on the appropriate choice of law. Because the first and third requirements are not satisfied, however, certification here is not appropriate. If the Court of Appeals is ever to resolve the disputed choice-of-law issue, it should be in the normal course and on a complete record, after a final decision of the district court.

It is for good reason that appeals may normally be taken only from final judgments. The final judgment rule has been at the core of federal appellate jurisdiction for two centuries. *See* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3907, at 268 (West 1996). The rule is "crucial to the efficient administration of justice." *Flanagan v. United States*, 465 U.S. 259, 264, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). It is for the district court to decide cases in the first instance, including all interlocutory decisions and a final disposition. It is at that

point that parties are in the best position to decide which issues, if any, to appeal. It is then up to the appeals court to perform its appellate function, which it can generally perform best when there is a complete record and final decisions below on all issues. The alternative is to have the Court of Appeals make piecemeal decisions upon an incomplete record and on issues which may or may not ultimately prove to affect the outcome of the case. The Supreme Court has summarized the purpose behind the final judgment rule as follows:

> [T]he finality rule of § 1291 protects a variety of interests that contribute to the efficiency of the legal system. Pretrial appeals may cause disruption, delay, and expense for the litigants; they also burden appellate courts by requiring immediate consideration of issues that may become moot or irrelevant by the end of trial. In addition, the finality doctrine protects the strong interest in allowing trial judges to supervise pretrial and trial procedures without undue interference.

*Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 380, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987). *See also James v. Jacobson*, 6 F.3d 233, 237 (4th Cir.1993) ("piecemeal review of decisions that are but steps toward final judgments of the merits are to be avoided, because they can be effectively and more efficiently reviewed together in one appeal from the final judgments.")

The court finds no reason in this case to depart from these basic principles of federal appellate jurisdiction.

Accordingly, it is this day

ADJUDGED, ORDERED, AND DECREED

as follows:

1. The defendant's Motion for Amendment of Order and Certification for In-

terlocutory Appeal, filed on March 4, 2005, is hereby DENIED; and

2. The court declines to modify its order of February 23, 2005, to certify the choice-of-law issue for interlocutory appeal.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.