**Kernan T. MANION, M.D., Plaintiff,**

v.

**SPECTRUM HEALTHCARE RESOURCES and Nitelines Kuhana JV, LLC, Defendants.**

**No. 7:12–CV–247–BO.**

United States District Court,
E.D. North Carolina,
Southern Division.

Aug. 6, 2013.

Order Denying Motion to Certify
Appeal Nov. 8, 2013.

Gary K. Shipman, Kyle J. Nutt, Shipman & Associates, LLP, Wilmington, NC, Stephen M. Kohn, Kohn, Kohn & Colapinto, LLP, Washington, DC, for Plaintiff.

Joshua M. Krasner, Patricia L. Holland, Jackson Lewis LLP, Cary, NC, for Defendant.

### ORDER

TERRENCE W. BOYLE, District Judge.

This cause comes before the Court on defendants' motions to dismiss and for judgment on the pleadings. A hearing was held before the undersigned on the motion to dismiss on May 2, 2013. Both motions now having become ripe for review, the Court denies the pending motions.

### BACKGROUND

The facts as alleged in plaintiff's complaint are as follows. Plaintiff is a psychiatrist who retired from private practice and took a job as a healthcare contractor at the Deployment Health Center (DHC) at the Naval Hospital Camp LeJeune. Defendants are healthcare contractors that provide medical staffing and management services to federal government and military facilities. Spectrum Healthcare Resources (Spectrum) recruited and offered plaintiff a contract for employment in a psychiatrist position at the DHC, and upon plaintiff's acceptance and just prior to its finalization, his contract was assigned to Nitelines Kuhaha JV, LLC (Nitelines) to monitor plaintiff's employment.

Plaintiff began working at the DHC in January 2009 and provided psychiatric treatment to severely injured sailors and marines who had recently returned from combat duty deployments. Plaintiff complained often to the DHC director, Navy officials, and defendants about the lack of fundamental protocol for managing psychotic, suicidal, and homicidal patients, as well as chronic under-staffing and the use of non-physician decision-makers regarding fitness for redeployment.

In June 2009, after plaintiff had sent multiple reports to the commanding officer of the Naval Hospital, Nitelines informed plaintiff that he must cease communicating with the government and suggested that he transfer to a less acute facility. Plaintiff agreed, but was dissatisfied by the abrupt method by which he was transferred and his care to critical patients was terminated. Plaintiff notified defendants that he intended to disclose his concerns to Congress and several inspectors general, and plaintiff in fact filed his complaints with the Inspectors General of the Navy, Marine Corps, and the Department of Defense on August 30, 2009. Nitelines issued a notice of premature contract termination to plaintiff on September 1, 2009, providing for termination in ninety days; on September 3, 2009, such termination was voided and plaintiff's contract was terminated effective immediately.

Plaintiff then filed suit in this Court against Spectrum and Nitelines alleging claims for illegal reprisal for protected disclosures under the Defense Contractor Whistleblower Protection Act, 10 U.S.C. § 2409, for unlawful discharge in violation of public policy, breach of contract, and intentional interference with contract. Both defendants contend that plaintiff's complaint should be dismissed for failure to join a necessary party, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(1), (6), and (7).

### DISCUSSION

**I. The Court maintains subject matter jurisdiction over plaintiff's claims**

The Court satisfies itself first of its subject matter jurisdiction over plaintiff's Defense Contractor Whistleblower

Protection Act claim. Both defendants contend that plaintiff does not have standing to bring an action under 10 U.S.C. § 2409 because he was not an employee of a civilian defense contractor, but rather was an independent contractor of Nitelines under a personal services contract with the Navy. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir.1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

The Defense Contractor Whistleblower Protection Act (DCWPA or § 2409) provides that

> An employee of a contractor may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing to a Member of Congress, a representative of a committee of Congress, an Inspector General, the Government Accountability Office, a Department of Defense employee responsible for contract oversight or management, or an authorized official of an agency or the Department of Justice information that the employee reasonably believes is evidence of gross mismanagement of a Department of Defense contract or grant, a gross waste of Department of Defense funds, a substantial and specific danger to public health or safety, or a violation of law related to a Department of Defense contract (including the competition for or negotiation of a contract) or grant.

10 U.S.C. § 2409(a). Defendants do not contest that they would otherwise be considered contractors for purposes of the DCWPA; the issue for the Court to decide here is whether plaintiff was an employee of defendants and thus would be entitled to whistleblower protection under the Act. The DCWPA does not define the term employee.

An inquiry as to the meaning of the terms of an act generally begins and ends with the plain language of the statute. *Vessell v. DPS Assocs. of Charleston, Inc.*, 148 F.3d 407, 412 (4th Cir.1998). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). The term "employee" has been interpreted differently when applied in different contexts, *see Id.* at 342–45, 117 S.Ct. 843, and the DCWPA provides no guidance, such as a definition of the term or use of the term in a different context, that would provide further insight as to its meaning. Nor does the broader context of the statute as a whole provide guidance, as the DCWPA is a stand-alone statute not situated within a larger statutory scheme. In light of the foregoing, the Court finds that the term employee as used in § 2409 is ambiguous, and thus that it must resolve such ambiguity. *Robinson*, 519 U.S. at 345, 117 S.Ct. 843. In doing so, and in light of the paucity of both the legislative history and case law interpreting the DCWPA, the Court is persuaded by Congress' clear intent in a similar context.

The False Claims Act (FCA), 31 U.S.C. § 3729 *et seq.*, also contains an anti-retaliation or whistleblower protection provision that covers "employees," a term not initially defined by the FCA. When faced with deciding whether the term employee in that context would extend to independent

contractors, this circuit and others decided that it would not. *Vessell*, 148 F.3d at 413; *see also United States ex rel. Watson v. Connecticut. Gen. Life Ins.*, 87 Fed.Appx. 257 (3rd Cir.2004). Mindful of such decisions, Congress in 2009 amended the anti-retaliation provision of the FCA to include the terms government contractor and agent. Pub. L. 111–121, § 4(d); 31 U.S.C. § 3730(h)(1). The legislative history of this amendment clearly reveals Congress' intent to undo the courts' narrow interpretation of the term employee in the context of a law designed to protect workers who encounter and report government fraud. S.Rep. No. 110–507 at 26–27 (specification that independent contractors are protected under the FCA is a "vitally important clarification that respects the spirit and intent of the [FCA]").

■ Informed by Congress' expressed intent in a similarly remedial statute designed to protect the government from fraud, the Court holds that in the context of the DCWPA it is appropriate to define the term employee in its broadest and most generic sense—that is, as individuals who are delegated to work irrespective of whether they would be considered employees in other contexts. This construction serves the DCWPA's intended purpose of preventing fraud and protecting government workers who report fraud on the government; a more narrow interpretation of the term employee in this context would only serve to "invite manipulation by [defense contractors], which could avoid . . . liability simply by attaching different labels to particular jobs." *O'Hare Truck Service, Inc. v. City of Northlake*, 518 U.S. 712, 722, 116 S.Ct. 2353, 135 L.Ed.2d 874 (1996).

In light of the foregoing, plaintiff as an independent contractor of a defense contractor has standing to bring an action under 10 U.S.C. § 2409 against defendants. The Court further holds that plaintiff exhausted his administrative remedies as provided by the DCWPA when he filed a complaint with the Inspector General of the Department of Defense and was later denied relief by the head of an executive agency.[1] *See* 10 U.S.C. § 2409(c)(2); [DE 35–3 & 35–4]. Because the Court has determined that it has subject matter jurisdiction over plaintiff's § 2409 claim, it exercises supplemental jurisdiction over plaintiff's remaining state law claims. 28 U.S.C. § 1367(a).

## II. Plaintiff did not fail to join a necessary party

■ Rule 12(b)(7) of the Federal Rules of Civil Procedure authorizes dismissal of an action for failure to join a necessary party. Rule 19(a) requires that persons be joined if feasible if in the person's absence the court cannot accord complete relief among the existing parties. Fed.R.Civ.P. 19(a)(1)(A). If a required party cannot be joined, a court must determine whether in equity and good conscience the matter should be dismissed. Fed.R.Civ.P. 19(b).

As plaintiff has correctly noted, the Court's finding that as an independent contractor plaintiff has standing to bring suit under § 2409 nullifies defendants' arguments that the Navy is a necessary party who plaintiff was required to join. The DCWPA provides that a complainant may bring an "action at law or equity against *the contractor*." 10 U.S.C. § 2409(c)(2)

---

1. Nitelines' 12(b)(6) argument relates only to its contention that plaintiff has failed to exhaust his administrative remedies, contending that plaintiff's complaint does not allege with sufficient specificity that he has exhausted his administrative remedies. As Nitelines has not argued that plaintiff's complaint generally fails to state a plausible claim for relief, the Court does not address such an argument here.

(emphasis added). The Navy is not a permitted defendant under the DCWPA and is therefore not a necessary party under Rule 19.

### III. Judgment on the pleadings in favor of Spectrum is not appropriate at this time

■ Though the majority of Spectrum's arguments in its motion for judgment on the pleadings mirror those of Nitelines, Spectrum further contends that it is entitled to judgment in its favor because plaintiff has not demonstrated that he had an employment contract or any contractual agreement with Spectrum and because Spectrum was not a government contractor in relation to plaintiff. The Court considers Spectrum's Rule 12(c) motion using the Rule 12(b)(6) standard. *See Burbach Broad. Co. of Del. v. Elkins Radio Corp.,* 278 F.3d 401, 405–06 (4th Cir.2002). Rule 12(b)(6) authorizes dismissal of a complaint that fails to state a facially plausible claim for relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Plaintiff has alleged that both Nitelines and Spectrum were involved in and responsible for plaintiff's hiring and that plaintiff complained of alleged mismanagement and dangers to public health and safety to both defendants. Plaintiff has further alleged that Nitelines is an alter ego of Spectrum and that the entities had a unity of interest and ownership. Taking the allegations of the complaint as true, *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993), the Court finds that plaintiff has sufficiently alleged that Spectrum could be liable for misconduct and that judgment on the pleadings in Spectrum's favor is therefore inappropriate at this time. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Additionally, Spectrum in its reply brief argues that Congress' recent amendment to the DCWPA requires dismissal of plaintiff's DCWPA claim as plaintiff's termination was the result of a nondiscretionary directive, a form of reprisal to be excluded from protection under § 2409 beginning in July 2013. To show that plaintiff's termination resulted from a nondiscretionary directive, Spectrum relies on an email sent to Nitelines directing that plaintiff be removed from any schedules at Camp Lejeune [DE 23–2].

First, plaintiff's claim clearly arose and falls under § 2409 prior to its amendment in July 2013. Second, whether the proffered evidence actually constitutes a nondiscretionary directive as contemplated by the DCWPA is a question the Court need not decide today; plaintiff has sufficiently alleged that he suffered reprisal after making disclosures of what he reasonably believed to be evidence of gross mismanagement of a defense contract as well as evidence of a substantial and specific danger to public health or safety related to a defense contract. Thus his claim survives the motion for judgment on the pleadings.

### CONCLUSION

Accordingly, for the reasons discussed above, defendant Nitelines' motion to dismiss [DE 22] and defendant Spectrum's motion for judgment on the pleadings [DE 38] are DENIED.

### ORDER

This cause comes before the Court on defendants' combined petition for certification of interlocutory appeal, to amend the August 6, 2013, order, and to stay proceedings. For the reasons discussed below, defendants' request is denied.

## BACKGROUND

This action was filed by a psychiatrist who formerly provided care to men and women at the Deployment Health Center at the Naval Hospital Camp Lejeune. Plaintiff was terminated from his position after he complained of certain practices at the Deployment Health Center. Plaintiff filed this action under, *inter alia*, the Defense Contractor Whistleblower Protection Act, 10 U.S.C. § 2409, for illegal reprisal for protected disclosures. By order entered August 6, 2013, the Court denied defendants' motions to dismiss and for judgment on the pleadings. In so doing, the Court determined that plaintiff, as an independent contractor of defendants, defense contractors, has standing to bring an action under 10 U.S.C. § 2409.

Defendants now ask that the Court amend its August 6, 2013, order to include certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendants contend that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Specifically, defendants seek certification of the following issue: whether the term employee as used in the Defense Contractor Whistleblower Protection Act, 10. U.S.C. § 2409, includes within its definition and protection independent contractors of civilian defense contractors.

## DISCUSSION

"Finality as a condition of review is an historic characteristic of federal appellate procedure." *Cobbledick v. United States,* 309 U.S. 323, 324, 60 S.Ct. 540, 84 L.Ed. 783 (1940). While section 1292(b) was enacted in order to permit interlocutory appeals under some circumstances, "it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda, Ltd.,* 101 F.3d 863, 865 (2nd Cir.1996). The decision to certify an interlocutory appeal is soundly within the discretion of the court that has issued the order. *State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust,* 889 F.Supp. 849, 852 (E.D.N.C. 1995). Even if the requirements of section 1292(b) are satisfied, the district court has "unfettered discretion" to decline to certify an interlocutory appeal if exceptional circumstances are absent. *Picard v. Katz,* 466 B.R. 208, 210 (S.D.N.Y.2012) (quotation and citation omitted).

The Court considers first whether the requirements of section 1292(b), which provides

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order,

have been satisfied. 28 U.S.C. § 1292(b). The Court notes at the outset that upon its filing of the August 6, 2013, order it was not of the opinion that certification of an interlocutory appeal was warranted or necessary, and thus defendants must ask the Court to amend its order to include such certification.

The Court agrees that the question of plaintiff's standing under the Defense Contractor Whistleblower Protection Act (DCWPA) is controlling. *See Terry v. June,* 368 F.Supp.2d 538, 539 (W.D.Va. 2005) (question that is dispositive is controlling). The Court would also agree that, were the court of appeals to hold that an independent contractor does not have

standing to bring an action under the DCWPA, this litigation would end. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). The more difficult question to resolve is whether there is substantial ground for difference of opinion.

It has been previously noted that there is a paucity of case law interpreting the DCWPA. The absence of other controlling authority on this issue does not, however, necessarily lead to the conclusion that there would be substantial ground for a difference of opinion. The Court's conclusion that an independent contractor of a defense contractor would have standing under the DCWPA is well-supported by the legislative history and amendments to the False Claims Act, an analogous statute. Thus, the Court is not convinced that other courts presented with the same question would not decide it in precisely the same way. Moreover, even if another court would decide the issue differently, that would not automatically form a basis for certification of an interlocutory appeal. *See Howes*, 889 F.Supp. at 852 (noting that a court need not find that substantial ground for difference of opinion exists even where "authorities lack unanimity") (citation omitted). The Court finds that there are not substantial grounds for difference of opinion and that defendants have therefore failed to demonstrate that the statutory requirements have been satisfied.

Even assuming, however, *arguendo* that both of the statutory requirements have been soundly satisfied, this is not an exceptional circumstance that would warrant approval of a piecemeal appeal. Prior to contesting plaintiff's standing, both defendants answered the complaint; since the entry of the Court's order defendants wish to appeal, discovery has proceeded and the dispositive motion filing deadline is nearly upon the parties. Recognizing that the Court's ruling on plaintiff's standing to bring suit is jurisdictional, its decision is also "a step[ ] toward final judgment[ ] on the merits," and the advanced stage of this litigation does not weigh in favor of finding a basis to depart from the general rule that the decisions of this Court are more "effectively and more efficiently reviewed together in one appeal from the final judgment." *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir.1993) (certification appropriate where ruling would not be reviewable on appeal from final judgment); *see also Terry*, 368 F.Supp.2d at 540 (court of appeals generally performs best where there is a complete record and final decision on all issues). The Court simply sees no reason not to permit this case to go forward to its conclusion, whereafter the appropriate party or parties may appeal from final judgment should they so determine.

Accordingly, the Court in its discretion declines to amend its August 6, 2013, order to include certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

### *CONCLUSION*

For the foregoing reasons, defendants' motions for certification of interlocutory appeal [DE 53 & 55] are DENIED.