15-2541-cv
*Twersky v. Yeshiva Univ.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand sixteen.

PRESENT:     JOSÉ A. CABRANES,
             BARRINGTON D. PARKER,
             DEBRA ANN LIVINGSTON,
                           *Circuit Judges.*

---

ISRAEL GUTMAN AND CHAYA GUTMAN,

                    *Plaintiffs,*

MORDECHAI TWERSKY, BARRY SINGER, AND JOHN DOES I–XXXII,

                    *Plaintiffs-Appellants,*

            v.                              No. 15-2541-cv

YESHIVA UNIVERSITY, MARSHA STERN TALMUDICAL ACADEMY—YESHIVA UNIVERSITY HIGH SCHOOL FOR BOYS, RABBI NORMAN LAMM, RABBI ROBERT HIRT, JAMES DOES I–XXX, VARIOUS MEMBERS OF THE YESHIVA UNIVERSITY BOARD OF TRUSTEES, WHOSE NAMES ARE CURRENTLY UNKNOWN, AND JOSEPH DOES I–IXXX, VARIOUS MEMBERS OF THE YESHIVA UNIVERSITY HIGH SCHOOL BOARD OF DIRECTORS WHOSE NAMES ARE CURRENTLY UNKNOWN,

                    *Defendants-Appellees.*

---

1

**FOR PLAINTIFFS-APPELLANTS:**                              KEVIN T. MULHEARN, Kevin T. Mulhearn, PC, Orangeburg, NY.

**FOR DEFENDANTS-APPELLEES:**                          KAREN BITAR, Seyfarth Shaw LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs-appellants appeal from a July 8, 2015 opinion and order of the District Court dismissing their complaint as "precluded by the principle of res judicata." *See Twersky v. Yeshiva Univ.*, 112 F. Supp. 3d 173, 176 (S.D.N.Y. 2015). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A district court's application of *res judicata* is . . . subject to *de novo* review." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 107 n.2 (2d Cir. 2015). Applying this standard, we affirm, substantially for the reasons stated by the District Court in its sound opinion and order.

It appears that plaintiffs-appellants filed the instant action because they disagree with this Court's September 4, 2014 summary order affirming the District Court's dismissal of their previous, essentially identical action as untimely. *See Twersky v. Yeshiva Univ.*, 579 F. App'x 7 (2d Cir. 2014) (non-precedential summary order). Plaintiffs-appellants petitioned for rehearing of that summary order by both the panel that decided it and the full Court sitting en banc, in which they raised substantially the same arguments that they raise in the instant appeal. *Compare* Pls.' Pet. for Reh'g and Reh'g En Banc at 1, *Twersky v. Yeshiva Univ.*, No. 14-365-cv (2d Cir. Sept. 9, 2014), ECF No. 111 ("Pls.' Pet. for Reh'g") ("The Panel grotesquely abused its judicial power by acting as a *de facto* advocate and attorney for Yeshiva University . . . ."), *with* Pls.' Br. at 17 ("[T]he Second Circuit violated, and violated with abandon, the principle of party presentation."). That petition was denied. *See* Order Denying Pls.' Pet. for Reh'g and Reh'g En Banc, *Twersky v. Yeshiva Univ.*, No. 14-365-cv (2d Cir. Oct. 16, 2015), ECF No. 115. Plaintiffs-appellants then petitioned the Supreme Court for a writ of certiorari; but that petition was denied as well. *See Twersky v. Yeshiva Univ.*, 135 S. Ct. 1702 (2015).

As the District Court correctly explained, "plaintiffs[-appellants'] critici[sm] [of] the decisions of [the District] Court and of the Second Circuit Court of Appeals . . . . does not justify a collateral attack on a final judgment." *Twersky*, 112 F. Supp. 3d at 180. In short, plaintiffs-appellants' arguments are "so wholly meritless as to deserve no extended discussion." *United States v. Cohen*, 518 F.2d 727, 737 (2d Cir. 1975).

2

In affirming, we respectfully remind counsel for plaintiffs-appellants that "[w]e are especially likely to impose sanctions on an attorney . . . where . . . . an appeal or motion . . . is motivated by bad faith or an attorney's desire to air personal grievances against the Court as opposed to a sincere belief that the particular motion or appeal will be successful." *Ransmeier v. Mariani*, 718 F.3d 64, 69 (2d Cir. 2013) (internal quotation marks omitted).[1]

**CONCLUSION**

We have considered all of plaintiffs-appellants' arguments on appeal and found them to be without merit. Accordingly, we **AFFIRM** the District Court's July 8, 2015 opinion and order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] *See* Pls.' Pet. for Reh'g at 2 ("The Panel Decision mocks the law, ignores the facts, insults the survivors of childhood sexual abuse, and diminishes the dignity and integrity of this Court. The Panel Decision is grossly flawed, intellectually dishonest, and antithetical to well-settled Supreme Court and Second Circuit jurisprudence. . . . Plaintiffs have found no case, in this Circuit or in any jurisdiction, where a federal court's abuse of power was so obvious, blatant and contrary to law and equity."); *id.* at 10–11 ("The Panel's conduct is manifestly unjust, grossly improper, and constitutes a blatant abuse of judicial power. . . . The Panel's attempt to sweep this issue (and its own mind-boggling abuse of judicial authority) under the rug . . . illustrates the gross deficiency and intellectual dishonesty of the Panel's . . . analysis and determination."); *id.* at 14 ("I challenge this Honorable Court to assume a mantle of leadership on this issue. . . . To act like a Court for which 'truth,' 'justice,' and 'equity' are sacred principles rather than hollow platitudes.").