**L. HALL, Plaintiff**

**v.**

**GREYSTAR MANAGEMENT SERVICES, L.P., et al., Defendants.**

**CIVIL NO. JKB-13-3615**

United States District Court, D. Maryland.

Signed June 15, 2016

Leslie R. Stellman, Adam E. Konstas, Pessin Katz Law, P.A., Towson, MD, for Plaintiff.

L. Hall, Towson, MD, pro se.

Michael W. Skojec, Michelle McGeogh, Ballard Spahr LLP, Baltimore, MD, Andrew Martin Battista, Andrew M. Battista PA, Towson, MD, for Defendants.

## MEMORANDUM AND ORDER

James K. Bredar, United States District Judge

■ L. Hall ("Plaintiff") brought an action against Greystar Management Services, L.P. and PSN Landscaping Co., Inc. (together, "Defendants"),[1] pleading various claims arising from the alleged deprivation of her personal property during a December 2011 eviction. The Court dismissed Plaintiff's action (ECF No. 44), and it denied her subsequent motion to amend (ECF No. 56). Plaintiff appealed. On January 21, 2016, the United States Court of Appeals for the Fourth Circuit entered judgment largely affirming the Court's denial of Plaintiff's motion to amend. (ECF No. 60.) However, the Fourth Circuit held that Plaintiff's proposed amended claim for conversion, sounding in Maryland tort law, was plausible, and it reversed and remanded as to that claim. (*Id.* at 18-19.) Thereafter, on February 17, 2016, the Court directed Plaintiff to file either a Second Amended Complaint or a status report. (ECF No. 62 at 5.) Instead, Plaintiff filed a "Motion to Remand" (ECF No. 67),[2] which

---

1. Plaintiff also named as a Defendant Lieutenant Richard Kelly of the Baltimore County Sheriff's Office. The Court terminated Lieutenant Kelly from these proceedings on February 17, 2016. (*See* ECF No. 62.)

2. As the Court explained in its Memorandum of April 12, 2016, it is impossible to "remand" this action to state court, as it is not here on removal: Plaintiff filed in federal court in the first instance. The Court could have declined to exercise supplemental juris-

motion the Court denied in a Memorandum and Order dated April 12, 2016 (ECF No. 70).

In her latest bid to avoid litigating her sole remaining claim in the forum she selected, Plaintiff has filed a Motion for Certification of Order for Interlocutory Appeal and for a Stay of Proceedings ("Motion for Certification") (ECF No. 71). Plaintiff invites the Court to amend its prior Order and certify the following question to the Fourth Circuit for interlocutory review:

> Whether the District Court abused its discretion in retaining supplemental jurisdiction over Plaintiff's conversion claim.

(Id. at 1.) Defendants filed a response in opposition (ECF No. 73), and Plaintiff replied (ECF No. 76). No hearing is necessary to resolve Plaintiff's motion, see Local Rule 105.6 (D. Md. 2014). The motion shall be DENIED.

### I. Standard of Review

■ Title 28, United States Code, Section 1292(b) provides that when a district judge believes that an order not ordinarily appealable "involves a *controlling question of law* as to which there is *substantial ground for difference of opinion* and that an immediate appeal from the order may *materially advance* the ultimate termination of the litigation, he shall so state in writing such order" (emphases added). Under such circumstances, the court of appeals with relevant jurisdiction "may … in its discretion, permit an appeal to be taken from such order." *Id.* "The decision to certify an interlocutory appeal is firmly in the district court's discretion." *Randolph v. ADT Sec. Servs., Inc.,* Civ. No. DKC 09–1790, 2012 WL

273722, at *5 (D.Md. Jan. 30, 2012); *accord Butler v. DirectSAT USA, LLC,* 307 F.R.D. 445, 452 (D.Md.2015). Relief under § 1292(b) should be granted "sparingly and … its requirements must be strictly construed." *Myles v. Laffitte,* 881 F.2d 125, 127 (4th Cir.1989); *see also Manion v. Spectrum Healthcare Res.,* 966 F.Supp.2d 561, 567 (E.D.N.C.2013) ("Even if the requirements of section 1292(b) are satisfied, the district court has 'unfettered discretion' to decline to certify an interlocutory appeal if exceptional circumstances are absent." (citation omitted)). Moreover, unless "*all* of the statutory criteria are satisfied … 'the district court may not and should not certify its order … for an immediate appeal under section 1292(b).' " *Butler,* 307 F.R.D. at 452 (quoting *Ahrenholz v. Bd. of Trs.,* 219 F.3d 674, 676 (7th Cir.2000)).

■ For purposes of the § 1292(b) analysis, a "controlling question of law" is a question directed to the "meaning of a statutory or constitutional provision, regulation, or common law doctrine," as opposed to a question heavily freighted with the need for factual assessment. *Id.* at 452 (quoting *Lynn v. Monarch Recovery Mgmt., Inc.,* 953 F.Supp.2d 612, 623 (D.Md.2013)); *cf. Fannin v. CSX Transp., Inc.,* 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir.1989) (unpublished table decision) ("Certainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes."). Moreover, the statutory requirement of a "substantial ground for difference opinion" is satisfied only where "courts, as opposed

---

diction, dismissing Plaintiff's conversion claim without prejudice and with leave to refile in state court. *See Kimberlin v. Hunton & Williams LLP,* Civ. No. GJH–15–723, 2016 WL 1270982, at *13 (D.Md. Mar. 29, 2016).

But for the reasons set forth in the April 12 Memorandum, the Court instead exercised its discretion to retain jurisdiction over Plaintiff's conversion claim.

to parties, disagree on a controlling legal issue." *Randolph*, 2012 WL 273722, at *6; *cf. Virginia ex rel. Integra Rec, LLC v. Countrywide Sec. Corp.*, Civ. No. 3:14cv706, 2015 WL 3540473, at *5 (E.D.Va. June 3, 2015) ("A mere lack of unanimity, or opposing decisions outside of the governing circuit, need not persuade a court that a substantial ground for disagreement exists." (citation omitted)). Finally, because an interlocutory appeal must materially advance the outcome of the litigation, such an appeal is appropriate only in "extraordinary cases" in which early appellate review might avoid "protracted and expensive litigation." *Lynn*, 953 F.Supp.2d at 626 (quoting *Abortion Rights Mobilization, Inc. v. Regan*, 552 F.Supp. 364, 366 (S.D.N.Y.1982)); *see also LaFleur v. Dollar Tree Stores, Inc.*, Civ. No. 2:12–cv–00363, 2014 WL 2121721, at *2 (E.D.Va. May 20, 2014) ("A question of law is not controlling if litigation will 'necessarily continue regardless of how that question [is] decided.'" (alteration in original) (citation omitted)); *Long v. CPI Sec. Sys., Inc.*, No. 3:12–cv–396–RJC–DSC, 2013 WL 3761078, at *2 (W.D.N.C. July 16, 2013) (same); *Wyeth v. Sandoz, Inc.*, 703 F.Supp.2d 508, 525 (E.D.N.C.2010) (same); *cf. Integra Rec, LLC*, 2015 WL 3540473, at *4 ("When the resolution of a question would not completely end the litigation altogether, district courts look to whether the immediate appeal would be 'serious to the conduct of the litigation, either practically or legally.'" (citation omitted)).

## II. Analysis

### A. Threshold Concern

▆▆▆ In her Motion for Certification, Plaintiff contends that "a determination of the threshold legal issue of this [C]ourt's Article III power to hear a case involving solely a state law claim would be completely dispositive of the litigation before this [C]ourt in that a reversal would terminate the litigation in federal court." (ECF No. 71–1 at 5.) But there is no such threshold issue to consider, as the Court's retention of supplemental jurisdiction over Plaintiff's state-law conversion claim does not raise Article III concerns. On the contrary, it is beyond settled that district courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir.1995). The *Shanaghan* court elaborated that the doctrine of supplemental jurisdiction is a "doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id.* (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), *superseded by statute on other grounds*, 28 U.S.C. § 1447(c)). Indeed, the supplemental-jurisdiction statute itself makes the Court's discretion abundantly clear, providing that a district court "*may* decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c) (emphasis added). The Court's decision in its Memorandum and Order of April 12, 2016, reflected an exercise of judicial choice, not an appraisal of Article III power.

### B. § 1292(b) Analysis

Assuming without deciding that the Court's decision to retain jurisdiction over Plaintiff's conversion claim involves a question of law within the meaning of § 1292(b), Plaintiff's Motion for Certification nevertheless fails under the second and third elements of the statute: she has not identified substantial grounds for difference of judicial opinion, and she has not demonstrated that an interlocutory appeal

would hasten the outcome of this litigation or otherwise promote judicial efficiency.

■■■ With respect to the second statutory element (substantial grounds for disagreement), the Court's prior decision involved a straightforward application of settled law. The Court neither probed a thorny question of first impression nor applied new case law to old standards nor struggled to reconcile a split of authority; rather, it simply applied the nonexclusive factors laid out in *Shanaghan*, *i.e.*, "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy," 58 F.3d at 110. As the Court explained, it based its determination "largely on concerns for efficiency and judicial economy," taking account of (1) the length of time during which the case had already been pending, (2) the Court's substantial familiarity with the few remaining

issues, (3) the uncomplicated nature of those issues, and (4) the fact that Plaintiff had voluntarily availed herself of federal jurisdiction in the first place. (ECF No. 70 at 3-5.) While it is certainly conceivable that some other judge, sitting in some other court, might have declined supplemental jurisdiction on similar facts, that is simply the nature of discretionary decision-making: reasonable judges may apply the same straightforward legal standard to similar facts and reach different results, but that does not mean that the standard itself (or the analysis courts must undertake in applying the standard) is in any way unclear. *Cf. Integra Rec, LLC*, 2015 WL 3540473, at *5 (explaining that a substantial ground for difference of opinion exists when there is "genuine doubt as to whether the district court applied the correct legal standard in its order" (citation omitted)).[3] Indeed, as a general (though not unwavering) principle, a "legal ques-

---

**3.** In her reply brief, Plaintiff cites a handful of cases for the proposition that "interlocutory review [is] proper where the question certified for review involve[s] the application of legal standards to particular sets of facts in order to further understand the meaning of those legal standards." (ECF No. 76 at 3-4.) Of course, *all* legal analysis involves the application of standards to particular fact patterns. But the cited cases are readily distinguishable: in each, the district court either expressed ambivalence and uncertainty about the applicable standard, acknowledged that no circuit law was squarely on point, or simply applied the wrong standard. *See In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 627 (7th Cir.2010) (granting interlocutory review where Seventh Circuit had only twice discussed (in passing) the application of *Twombly* to antitrust complaints); *Florence v. Bd. of Chosen Freeholders*, 621 F.3d 296, 298–99 (3d Cir.2010) (granting interlocutory review to determine, as a question of first impression for the Third Circuit and in the face of divided authority, whether jails may maintain a blanket policy of strip-searching detainees), *aff'd*, 566 U.S. 318, 132 S.Ct. 1510, 182 L.Ed.2d 566 (2012); *Weintraub v. Bd. of Educ.*, 593 F.3d 196, 200 (2d Cir.2010) (granting inter-

locutory review where district court identified substantial ground for difference of opinion on application of *Garcetti* to employee grievance about workplace safety, an issue of first impression in the Second Circuit); *Armstrong v. LaSalle Bank Nat'l Ass'n*, 552 F.3d 613, 615 (7th Cir.2009) (granting interlocutory review where district court certified particularized questions about waiver of the right to remand in multidistrict litigation); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998) (granting interlocutory review of denial of motion to set aside entry of default and rejecting standard applied by district court); *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 722–23, 728 (11th Cir.1987) (granting interlocutory review where district court, *inter alia*, improperly rejected the fraud-on-the-market theory as a basis for class-action treatment and applied an erroneous standard in assessing adequacy of class representation); *Coal. for Equity & Excellence in Md. Higher Educ. v. Md. Higher Educ. Comm'n*, Civ. No. CCB–06–2773, 2015 WL 4040425, at *6–7 (D.Md. June 29, 2015) (certifying interlocutory appeal where Fourth Circuit had never examined Supreme Court decision integral to district court's analysis).

tion of the type envisioned in § 1292(b) ... does not include matters within the discretion of the trial court." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). Significantly, Plaintiff cites just one case—*Lucero v. Operation Rescue of Birmingham*, No. CV91–PT–1082–S, 1993 WL 503112 (N.D.Ala. Apr. 1, 1993)—in which a district court certified its decision retaining supplemental jurisdiction for interlocutory appeal. But in *Lucero*, in a terse order, the court justified certification in part because of a then-recent Supreme Court decision that might have affected its analysis, *id.* at *1, a circumstance not present here. What is more, after certifying its order, the district court reinstated a federal claim—and the Eleventh Circuit vacated the interlocutory appeal, deeming it a "wasteful expenditure of appellate court resources." 41 F.3d 1493, 1493 (11th Cir.1995) (per curiam). This Court therefore finds *Lucero* unilluminating, and it concludes that its application of the supplemental-jurisdiction statute and the *Shanaghan* factors does not involve a legal question as to which there is substantial ground for difference of opinion.

▮ With respect to the third statutory element (material advancement), an interlocutory appeal would only slow these already protracted proceedings. If the Fourth Circuit were to affirm the Court's Order of April 12, 2016, in which it denied Plaintiff's "Motion to Remand," the case would proceed in federal court. If the Fourth Circuit were to vacate the Court's Order—despite the Supreme Court's admonition that a "district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary," *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 129 S.Ct. 1862, 173 L.Ed.2d 843 (2009)—the Court would thereafter dismiss Plaintiff's sole remaining claim with leave to refile in state court. At that point, Plaintiff would presumably

file a state-court complaint, and the whole process would begin again. Assuming, optimistically, that the interlocutory appellate and remand proceedings could be accomplished by year-end 2016, the parties would, in this hypothetical scenario, find themselves back at square one over three years after litigation commenced. There are cases in which interlocutory review facilitates efficient litigation: this case is not one of them. *Cf. Price v. Atl. Ro-Ro Carriers, Inc.*, Civ. No. CCB–11–1735, 2014 WL 7358729, at *2 (D.Md. Dec. 22, 2014) (declining to certify interlocutory appeal where reversal would "do nothing to eliminate the need for a trial, to streamline the presentation of proof, or to limit the scope of discovery").

Because Plaintiff has not satisfied the elements of § 1292(b), the Court will deny her Motion for Certification. Before concluding its analysis, however, the Court would be remiss if it failed to address Plaintiff's apparent motive for seeking interlocutory review. In her memorandum in support of her motion, Plaintiff writes that "an underlying issue central to Plaintiff's conversion claim involves the interpretation of a local county code provision," a "State and local issue of first impression more properly to be resolved by a State court." (ECF No. 71–1 at 6 n.1.) To be sure, state courts are often better positioned than are federal courts to evaluate novel questions of state law—but in this case, because Plaintiff volitionally filed her lawsuit here, this Court undertook to interpret the subject code provision (section 35-3-103 of the Baltimore County Code). In its Memorandum of July 2, 2014, the Court held that, pursuant to that code section, Plaintiff's personal property became *de jure* abandoned property once it was removed from her apartment during her eviction. And because Plaintiff no longer had any title to or interest in her abandoned property, she could not maintain a

claim for conversion of such property. (ECF No. 43 at 11.) Although in her proposed amended complaint Plaintiff expanded her conversion theory to reach certain property that she herself removed from her apartment (*i.e.*, certain file boxes), and although the Fourth Circuit determined that Plaintiff stated a plausible claim for conversion with respect to *that* property (*see* ECF No. 60 at 18), nothing in the Fourth Circuit's opinion calls into question the Court's interpretation of the Baltimore County Code. The Court's interpretation therefore stands as the law of the case, and the Court's dismissal of Plaintiff's claim for conversion of her abandoned property is, in force and effect, a final adjudication on the merits of that claim. Plaintiff may ardently disagree with the Court's interpretation and adjudication, but such disagreement does not entitle her to another bite at the proverbial apple.

▮▮▮▮ Indeed, while the Court would not presume to speak for its colleagues sitting on the Maryland Bench, it seems doubtful that Plaintiff would have been permitted to relitigate her broader conversion theory even had this Court granted her "Motion to Remand." Under principles of *res judicata*, a party will be precluded from relitigating a claim where (1) the prior judgment was "final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process"; (2) the parties are "identical, or in privity, in the two actions"; and (3) the subsequent claim is "based upon the same cause of action involved in the earlier proceeding." *Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir.2003) (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir.1996)).[4] "It is well settled that a dismissal with prejudice is an adjudication on the merits for res judicata purposes." *Bradley v. Artery Custom Homes, LLC*, Civ. No. PJM 08–539, 2009 WL 6560200, at *3 (D.Md. Jan. 29, 2009), *aff'd*, 328 Fed.Appx. 873 (4th Cir.2009) (per curiam); *see also McLean v. United States*, 566 F.3d 391, 396 (4th Cir.2009) ("[U]nless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with preju-

---

4. "When a federal court renders a final judgment, generally the judgment's preclusive effect is determined by federal law." *Anne Arundel Cty. Bd. of Educ. v. Norville*, 390 Md. 93, 887 A.2d 1029, 1037 (2005); *accord Kent Cty. Bd. of Educ. v. Bilbrough*, 309 Md. 487, 525 A.2d 232, 235 (1987) ("Federal law determines the effects under the rules of res judicata of a judgment of a federal court." (quoting Restatement (Second) of Judgments § 87 (Am. Law Inst. 1982))).

The Court is aware that, following the Supreme Court's decision in *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001), there has been some uncertainty as to whether federal or state preclusion law should be deemed to control in federal-question cases involving supplemental jurisdiction. *Semtek* applied state preclusion law to a prior judgment of a federal court sitting in diversity, but it also opined that, "in a federal-question case ... States cannot give [federal] judgments merely whatever effect they would give their own judgments, but most accord them the effect that [the Supreme Court] prescribes," *id.* at 507, 121 S.Ct. 1021. *See Twersky v. Yeshiva Univ.*, 112 F.Supp.3d 173, 179 (S.D.N.Y.2015) ("After *Semtek* ... it is unclear whether state law principles ... determine the preclusive effect of the dismissal of pendent state law claims."), *aff'd sub nom. Gutman v. Yeshiva Univ.*, No. 15–2541–CV, 637 Fed.Appx. 48, 2016 WL 890677 (2d Cir. Mar. 9, 2016) (mem.); *cf. Robinson v. City of Phoenix*, No. CV10–1044 PHX DGC, 2010 WL 4054167, at *2 n. 1 (D.Ariz. Oct. 15, 2010) (distinguishing *Semtek* on the grounds that the case at bar was "not a diversity case—it [was] a case involving federal-question and supplemental jurisdiction"). In any event, this legal nuance would have no practical effect on the Court's discussion here: the "elements of res judicata under federal law are analogous to those under Maryland law." *Norville*, 887 A.2d at 1037.

**530**

dice."). In this case, if Plaintiff refiled her conversion claim in state court, she would be proceeding against identical parties to recover damages associated with the deprivation of identical property stemming from an identical incident on a theory this Court previously rejected. Plaintiff, who had a full and fair opportunity to litigate her conversion claim with respect to her abandoned property, would presumably be barred from litigating the matter anew. For this reason, the Court's decision to retain supplemental jurisdiction is unlikely to work any practical hardship on her.

It is often said that the plaintiff is the master of her complaint. True enough—but then the plaintiff must live with the consequences of her pleading decisions. She may not test the waters in one forum only to double back and retreat to some other forum in the event of an adverse ruling. Simply put: the federal courts are open to adjudicate claims, not to host dress rehearsals and dry runs.

## ORDER

For the foregoing reasons, it is ORDERED:

1. Plaintiff's Motion for Certification (ECF No. 71) is DENIED; and

2. Pursuant to the Court's Paperless Order of May 13, 2016 (ECF No. 75), Defendants SHALL ANSWER or OTHERWISE RESPOND to Plaintiff's Second Amended Complaint within fifteen days after entry of this Memorandum and Order. Should Defendants elect to answer the Second Amended Complaint, the Court anticipates that it will thereafter FORTHWITH set in a telephone scheduling conference to steer this litigation back on course.